United States District Court  
Southern District of Texas  
**ENTERED**  
July 06, 2022  
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| United States District Court | | Southern District of Texas |

Sean Simpson, et. al., §
§
      Plaintiffs, §
§
versus §    Civil Action H-19-2334
§
OsteoStrong Franchising, Inc., §
§
      Defendant. §

## Opinion and Order on Partial Dismissal

1. *Background.*

OsteoStrong Franchising, Inc., promotes the health of joints, bones, muscles, balance, and flexibility. In June 2013, OsteoStrong sold a franchise to Sean and Charla Simpson. OsteoStrong terminated its agreements with Sean and Charla Simpson on April 15, 2018, after they did not meet contracted development goals.

OsteoStrong counter-sued the Simpsons and 18 other parties for:

(a) defamation,

(b) business disparagement,

(c) tortious interference with existing contracts,

(d) tortious interference with prospective business relationships,

(e) breach of contract,

(f) conspiracy to defame, and

(g) conspiracy to breach a contract.

OsteoStrong only sued the Simpsons for malicious prosecution.

2. *Service.*

OsteoStrong says Charla Simpson was served successfully. Through their filings, Simpson, Bret Kurihara, John Baird, and Mary Jo McHenry have consented to this court's jurisdiction. Because this opinion addresses only

Simpson's, Kurihara's, Baird's, and McHenry's motions to dismiss OsteoStrong's claims, service on the other defendants is extraneous.

3. *Judicial Privilege.*

Judicial privilege applies to communications made before a judicial proceeding when they relate to it.[1]

Simpson, Kurihara, Baird, and McHenry say OsteoStrong's claims are barred by judicial privilege, because they are based on statements made relating to other judicial proceedings.

OsteoStrong says that they are not barred, because Simpson, Kurihara, Baird, and McHenry engaged in conduct unrelated to any judicial proceeding.

Judicial privilege does not bar OsteoStrong's claims. OsteoStrong does not specify what statements they made that are sufficient to form the basis of its complaints against them. No statements in OsteoStrong's complaint are definite enough to bar its claims because of judicial privilege.

4. *Abstention.*

Abstention may be proper when there is a parallel state action.[2] Mark Partlow is no longer a party to this suit, and no parallel proceeding in state court exists with Simpson. Adjudicating OsteoStrong's claims against Simpson is not abstained.

5. *Defamation.*

In this case, defamation requires Simpson, Kurihara, Baird, and McHenry to have published a false statement that injured OsteoStrong's reputation with negligence regarding the truth of the statement.[3]

---

[1] *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021).

[2] *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 813-14 (1976).

[3] *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

OsteoStrong claims Simpson, Kurihara, Baird, and McHenry published false statements about it to its franchisees, prospects, regional developers, and investors, and that they knew the statements were false. It also says that the statements were republished within the past year and hurt OsteoStrong's reputation.

Simpson, Kurihara, Baird, and McHenry say that because OsteoStrong does not attribute any defamatory statement to them, it has not properly pleaded its defamation claim. They are correct.

OsteoStrong has not pleaded its defamation claim with the required specificity. It has not pleaded when, where, or to whom Simpson, Kurihara, Baird, and McHenry made the statement, nor what the statement said. OsteoStrong says defamatory statements were made on a Facebook page and in a letter without bothering to detail the time, place, contents, or participants involved. It also does not attribute those statements to Simpson, Kurihara, Baird, and McHenry.

6.   *Business Disparagement.*

In this case, business disparagement requires that Simpson, Kurihara, Baird, and McHenry published false and disparaging information about OsteoStrong, without permission and with malice, that resulted in special damages to OsteoStrong.[4]

OsteoStrong says they published false statements about it with malice and without privilege, which caused business relationships to not form or continue. It says this resulted in special damages. Restating the elements of the claim is not supplying a factual basis for OsteoStrong.

Simpson, Kurihara, Baird, and McHenry say OsteoStrong has not identified specific lost sales or contracts to show it suffered special damages. They also say OsteoStrong did not plead any facts that showed they acted with malice or without privilege. OsteoStrong's claim fails.

OsteoStrong has not pleaded its business disparagement claim with the required specificity. It has not identified lost business, destroyed relationships,

---

[4] *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 170 (Tex. 2003).

or special damages caused by Simpson's, Kurihara's, Baird's, and McHenry's actions. It also has not specified false and disparaging statements that it says they made maliciously that caused OsteoStrong to suffer special damages.

7.  *Tortious Interference.*

Tortious interference with prospective business relationships in this case requires: (a) a reasonable probability that OsteoStrong would have entered into a business relationship with a third party; (b) Simpson, Kurihara, Baird, and McHenry either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of their conduct; (c) their conduct was independently tortious or unlawful; (d) the interference proximately caused OsteoStrong's injury; and (e) OsteoStrong suffered actual damage or loss as a result.[5]

Tortious interference with an existing contract in this case requires: (a) that OsteoStrong had an existing contract subject to interference; (b) Simpson, Kurihara, Baird, and McHenry willfully and intentionally interfered with the contract; (c) their interference proximately caused OsteoStrong's injury; and (d) caused actual damage or loss.[6]

OsteoStrong says it had existing contracts and that Simpson's, Kurihara's, Baird's, and McHenry's intentional interference caused it to lose actual and prospective franchisees. It also says there was a reasonable probability it would enter into franchise agreements with prospective franchisees, and that their intentional conduct caused OsteoStrong damages.

Simpson, Kurihara, Baird, and McHenry insist that because OsteoStrong did not adequately plead facts, it has not shown their independently tortious conduct caused its injury for either claim. They are correct.

OsteoStrong has pleaded neither of its tortious interference claims with the required specificity. It has not indicated which contracts with franchisees, regional developers, and investors were affected by Simpson's, Kurihara's,

---

[5] *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).

[6] *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex. 1993).

Baird's, and McHenry's actions. It also has not indicated which prospective business relationships were prevented by their actions. OsteoStrong has not adequately pleaded facts on which its tortious interference claims are based.

8. *Breach of Contract.*

In this case, breach of contract requires: (a) that OsteoStrong had a valid contract; (b) Simpson, Kurihara, Baird, and McHenry performed or tendered performance; (c) they breached the contract; and (d) OsteoStrong sustained damages as a result of their breach.[7]

OsteoStrong says Simpson, Kurihara, Baird, and McHenry breached their contractual confidentiality clauses by publishing its confidential information.

They say that because OsteoStrong did not identify what confidential information they disclosed to whom and when, it has not properly pleaded its breach of contract claim. They are correct.

OsteoStrong has not pleaded its breach of contract claim with the required specificity. It does not identify the contract breached, the specific provisions breached, or the confidential and proprietary information it says Simpson, Kurihara, Baird, and McHenry disclosed and disseminated that had value.

9. *Conspiracy.*

Civil conspiracy in this case requires: (a) that Simpson, Kurihara, Baird, and McHenry; (b) had an object to be accomplished; (c) had a meeting of the minds on the object or course of action; (d) one or more unlawful, overt acts were committed in furtherance of that objective; and (e) OsteoStrong was damaged as the proximate result.[8]

OsteoStrong claims Simpson, Kurihara, Baird, and McHenry intentionally and unlawfully planned to spread false information about it. It also

---

[7] *Landrum v. Devenport*, 616 S.W.2d 359, 326 (Tex.Civ.App.–Texarkana 1981, no writ).

[8] *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

says that their breach of the contractual confidentiality clauses was coordinated and strategic, which supported its conspiracy claims.

OsteoStrong only says Simpson guaranteed specific contracts and has sued OsteoStrong. It also says Kurihara, Baird, and McHenry joined Simpson's suit against it. Simpson, Kurihara, Baird, and McHenry all say it has not described an agreement to act wrongfully. OsteoStrong's claim fails.

OsteoStrong has pleaded neither of its conspiracy claims with the required specificity. It states no facts to support its claim that Simpson, Kurihara, Baird, and McHenry intended to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. OsteoStrong only says that Simpson sued OsteoStrong and that she had contracts with it. A frustrated cluster of ex-franchisees is not a conspiracy to abuse against OsteoStrong.

10.  *Malicious Prosecution.*

In this case, malicious prosecution requires: (a) starting or continuing civil proceedings against OsteoStrong; (b) by or at Simpson's insistence; (c) malice in commencing the proceeding; (d) no probable cause for the proceeding; (e) termination of the proceeding in OsteoStrong's favor; and (f) special damages.[9]

OsteoStrong says Simpson filed the same claims as they did in the "New California Lawsuit." It says that: (a) her contract required arbitration or suit in Texas, (b) she was ordered to mediate with OsteoStrong, and (c) her claims were meritless. OsteoStrong also says that because the California court entered partial judgment against Simpson, the elements of its malicious prosecution claim are satisfied.

Simpson says that, under Texas law, the case did not terminate in OsteoStrong's favor because all appeals have not been exhausted. Simpson is correct.

OsteoStrong's malicious prosecution claim is not ripe. The appeal has not been exhausted in the "New California Lawsuit." Termination of that proceeding

---

[9] *Texas Beef Cattle Co v. Green.*, 921 S.W.2d 203, 207 (Tex. 1996).

in its favor is necessary to its malicious prosecution claim, but that suit has not yet terminated. OsteoStrong's claim is not ripe.

11. Conclusion.

OsteoStrong's 33-page complaint contains plenty of conclusory allegations but no facts sufficient to plead its numerous claims with the required specificity. Its (a) defamation, (b) business disparagement, (c) tortious interference with existing contracts, (d) tortious interference with prospective business relationships, (e) breach of contract, (f) conspiracy to defame, and (g) conspiracy to breach a contract claims against Charla Simpson, Bret Kurihara, John Baird, and Mary Jo McHenry are dismissed. The malicious prosecution claim against Charla Simpson is also dismissed.(121)(125)(13)

Signed on July 5, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge